### HARRISON v. ONE THOUSAND BAGS OF SUGAR.

*(District Court, E. D. Pennsylvania.  December 19, 1890.)*

SHIPPING—CHARTER-PARTY—FREIGHT.

A charter-party provided for the "freighting of a complete cargo of sugar, say 2,500 T. weight," the vessel to proceed to Philadelphia from Hamburg. "The freight to be paid on unloading and right delivery of cargo, at the rate of nine shillings sterling per twenty cwt. on intake weight." The act of God and peril of the sea excepted. In drawing the charter the words "intake weight" were substituted for the printed word "delivered," at the end of the sentence. *Held,* that the freight was payable at charter rates on cargo not delivered, by reason of a peril of the sea, as well as on that part delivered.

Libel for freight by J. Harrison, master of the steamer Weatherby.

The charter-party was in the ordinary form of a freighting charter-party for the full capacity of the vessel, under which cargo could be received from other freighters, as in a general ship. The clause for payment of freight, as it stood in the printed form, read:—"The freight to be paid on unloading and right delivery of cargo at the rate of nine shillings sterling per twenty cwt. delivered." The word "delivered" was struck out, and "intake weight" substituted.

*Curtis Tilton,* for libelant.

A delivery of all cargo, except what was lost by excepted peril, is a right delivery of the cargo. *Shipping Co. v. Armitage,* L. R. 9 Q. B. 99; *The Norway,* 3 Moore, P. C. (N. S.) 245; *Robinson v. Knights,* L. R. 8 C. P. 465; Carv. Carriage by Sea, § 549; *The Querini Stamphalia,* 19 Fed. Rep. 126.

¹ Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

Freight is payable on cargo sold as perishable with shipper's knowledge and consent. Maclachlan on Merchant Shipping, § 436.

*Morton P. Henry*, for respondent.

No freight is collectible on cargo lost by peril of sea. 1 Pars. Mar. Law, 217; Abb. Shipp. 430; *Frith* v. *Barker*, 2 Johns. 327; *Spaight* v. *Farnworth*, 5 Q. B. Div. 115. It is where a lump sum is paid for the hire of a vessel that such sum can be recovered where cargo is partly lost. *Robinson* v. *Knights, Shipping Co.* v. *Armitage, supra.* No freight is payable on cargo sold, and not delivered. *Armroyd* v. *Insurance Co.*, 3 Bin. 437; *Hurtin* v. *Insurance Co.*, 1 Wash. C. C. 530.

BUTLER, J. The libel is for freight under a charter, the material provisions of which are as follows:—

"The ship * * * shall proceed to a wharf at Hamburg and there load in the customary manner from freighters' agents, a complete cargo of sugar, say 2,500 tons weight, * * * proceed forthwith to Philadelphia, and deliver the same alongside store. * * * The freight to be paid on unloading and right delivery of cargo, at the rate of nine shillings sterling per twenty cwt. on intake weight. * * * The act of God, the perils of the sea * * * excepted. The freight to be paid in cash at port of discharge at current rates of exchange * * * on the right delivery as aforesaid. The captain to sign bills of lading as soon as cargo is shipped, as presented, at any rate of freight required by charterers; any difference between bills of lading and chartered rate to be settled in cash before sailing, if in vessel's favor."

The vessel met with disaster from excepted peril, and part of the cargo being seriously damaged thereby, it was sold on the voyage for charterer's benefit, and the balance delivered at Philadelphia. The ship claims freight on the entire cargo taken in, while the charterer declines to pay on more than was delivered.

The question raised presents serious difficulty. The general rules applicable to the subject are well defined. In the absence of contrary stipulation, freight is earned only on cargo delivered. Where, however, the vessel contracts for a "lumped sum," she is, ordinarily, entitled to the full amount, though a part of the cargo be lost, without her fault. Where freight is payable according to measurement or weight, and there is difference in this respect between the ports of lading and delivery, the latter governs. Where parties, to avoid this result, stipulate for payment according to "intake" measurement or weight, the stipulation, ordinarily, operates to this extent, only, leaving the obligation to deliver unaffected. Where the charterer voluntarily accepts cargo on the voyage, the right to freight is not disturbed. The case before me does not fall distinctly within either class referred to. The contract is peculiar in certain features, and the question turns upon its construction. A printed form was employed, and but for the erasure of the word "delivered" and interlineation of the words "intake weight," in the second sentence above quoted, no question would arise. The payment of freight would be limited, in plain terms, to the cargo delivered. It would read, "the freight to be paid on unloading and right delivery of the cargo, at the rate of nine shillings sterling per ton of 20 cwt. delivered;" and if no other change had been made than to add the words "intake weight;" there would still be no

question. The word "delivered," immediately following, would limit the freight to the part of cargo delivered; but this word being erased, it is, I think, clear that the parties must be held to have stipulated for payment on the entire "intake weight," unless the question is controlled by other language of the charter. In the absence of such other language the erasure must be regarded as a virtual declaration that the right to freight is not confined to the amount of cargo delivered, and the interlineation as a declaration that it is to embrace the quantity taken in. If the word erased had not been originally inserted there might have been room for an inference that the ordinary rule governing the subject, in the absence of contrary stipulation, was intended to apply, and consequently that the charterer was to pay only on the quantity delivered; but the erasure precluded such an inference. We cannot treat the exclusion of this word as an inadvertence; and if we do not, I repeat, the conclusion above stated (in the absence of the other language governing the subject) is irresistible. There is other language, however, to which the charterer appeals; does it govern this subject? In the second sentence quoted (and in which the erasure and interlineation appear) are the words "to be paid on unloading, and right delivery of the cargo;" and in the succeeding sentence this language is repeated in a slightly different connection. If the question of interpretation presented by this language was new, it might be difficult to answer. It was, however, directly involved in *Robinson* v. *Knights*, L. R. 8 C. P. 468, and again in *Shipping Co.* v. *Armitage*, L. R. 9 Q. B. 99, and after very full consideration the language was construed to require a delivery in good condition of such part of the cargo only as was not lost from excepted peril. Nothing can profitably be added to what is there said by the several judges who delivered opinions. Every suggestion of counsel is considered and answered, and the conclusion reached is as applicable here as it was there. It may possibly be thought that the construction adopted in these cases required the exercise of some ingenuity, and that the reasoning seems strained; nevertheless the rule of construction is thus settled too firmly to be disregarded. That the freight contracted for in these cases was a "lumped sum" is immaterial as respects the question here under consideration. The language—identical with that now involved—was invoked to control and limit the right to freight as against the import of other terms of the charter, precisely as it is here. Here, however, the construction is freer from doubt. The erasure of language, which (as printed) was plainly intended to limit freight to the quantity of cargo delivered, and the allowance of that now invoked to stand, seems to demonstrate the justice of the construction stated. *Spaight* v. *Farnworth*, 5 Q. B. Div. 115, cited by the respondent, seems not to be in point. As I understand it, the question was not involved. The contract expressly provided for freight only on such part of the cargo as might be delivered. The language was, "Freight to be paid on deals and sawed lumber, on the intake measure of quantity delivered." Other features of the case before me, which were discussed, need not be considered. For the reasons stated I must regard the contract as binding the charterer to payment on the cargo shipped.